UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYKYAL GLOVER,

        Plaintiff,

  -v-                                          22-CV-06104 FPG
                                                          ORDER
JOHN DOE EXTERMINATOR;
SUPERINTENDENT LAMANNA;
JOHN DOE, 11 BLOCK A DESK OFFICER;
JOHN DOE, 8 BLOCK A OFFICER, in their
individual and official capacity,

        Defendants.
_____

      *Pro se* Plaintiff, Tykyal Glover, is a prisoner confined at the Five Points Correctional Facility ("Five Points"). He filed a Complaint asserting claims under 42 U.S.C. § 1983 alleging that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated when the Defendants failed to exterminate his prison cells thereby causing him to be bitten by a spider and "attacked" by a bat. ECF No. 1 at 4-5. The Court granted Plaintiff permission to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court found that the Complaint failed to state a claim upon which relief may be granted and granted Plaintiff permission to amend the Complaint to state a plausible claim for relief. ECF No. 3 ("Screening Order"). Plaintiff has filed an Amended Complaint, ECF No. 4, which the Court must screen under §§ 1915(e)(2)(B) and 1915A.

      For the reasons that follow, Plaintiff's Amended Complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because it fails to state a claim upon which relief can be granted.

1

**DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky,* 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

## I. THE AMENDED COMPLAINT

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff again sues Five Points Superintendent Amy LaManna, John Doe "Exterminator," and John Does "11" and "8" Block Desk Officers, alleging that they violated his rights under the Eighth Amendment.[1]

Liberally construed, the Amended Complaint alleges that Plaintiff was bitten by a poisonous spider in 11 Block.[2] Defendants were "fully aware" of poisonous spiders in 11 Block but placed Plaintiff in a cell knowing that "it [was] already known to pose an unreasonable risk of serious damage to future [and] present health." ECF No. 4 at 5. The nurse who examined Plaintiff after the spider-bite told him that his bite was not the first one in 11 Block. *Id.* at 5, 9.[3] Plaintiff asserts that Superintendent LaManna was notified of prior poisonous-spider bites in her daily reports. *Id.* at 7. Defendants must complete reports each time an "incident" occurs, and all incidents are logged in the Facility Housing Area Logbooks. *Id.* at 13. The cell was not exterminated. ECF No. 1 at 4. Plaintiff went to emergency sick call and his arm was lanced. The "pain and swelling were excruciating." *Id.* He was given antibiotics. *Id.*

Plaintiff was then moved to 8 Block, Cell No. 8A-1-8 and on January 5, 2022, he was "attacked" by a bat. *Id.* at 4-5; ECF No. 4 at 5-6. After the bat "attack," Plaintiff was "so scared" that he screamed until an officer helped, and moved him from his cell, and trapped the bat. ECF No. 1 at 5. He alleges that bats are known to "carry" the COVID-19 virus and rabies. ECF No. 4 at 6. Plaintiff claims that Defendants failed to (1) screen his cell for bats and eliminate them, (2) test the bat caught in his cell, and (3) periodically test him for physical and emotional injuries. Plaintiff's skin and chest are inflamed, and he has "great soreness." *Id.* He also claims that John

---

[1] Plaintiff also asserts his claims arise under the Fourth, Ninth, and Tenth Amendments, but his allegations do not state claims under those Amendments and they are thus dismissed without further discussion.
[2] The Complaint alleged that this occurred on December 21, 2021, in cell 11B-1-5. ECF No. 1 at 4. Because Plaintiff is *pro se*, the Court will also consider allegations asserted in the Complaint but not re-asserted in the Amended Complaint when screening the Amended Complaint.
[3] The Amended Complaint consists of a court form utilized by prisoners filing civil rights complaints, ECF No. 4 at 1-7, and an attached "Rider, *id.* at 7-16.

Does, Cell Block 11 and 8 Desk Officers, failed to contact the Facility Exterminator as required when an inmate is transferred to another cell pursuant to N.Y. Corr. Law, "119, 29(b), 137(6)(B), 45(3), [and] 500-e." ECF No. 1 at 5. The 11 and 8 Block Officers "control" the cell blocks and are required to have each cell cleaned when emptied. *Id.*

Plaintiff further alleges that the ceiling in his cell was eight feet high and the ceiling is "open gated but not screened [in] recreation pen[,] which are built into each cell [and] twelve feet [high]." ECF No. 4 at 8. Spiders and bats make nests in high places and Plaintiff could not "reach" them. *Id.* The Facility Exterminator must be notified when poisonous creatures, vermin, and like are identified in the facility, "especially when they are poisonous, rabid, and carry potential COVID-19 (SARS)." *Id.*

Plaintiff asserts that he was poisoned and "emotionally placed in a psychological fit" by Defendants' "deliberate indifference and negligence". *Id.* at 11. Plaintiff seeks to be compensated for his physical and psychological injuries and an order directing a plan for extermination at Five Points and implementation of the plan. *Id.* at 5-6.

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A. Eighth Amendment: Conditions-of-Confinement

1. <u>Spider bite and bat attack</u>

A prisoner's conditions of confinement can give rise to an Eighth Amendment violation, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and "[f]orbidden punishments include those that "involve the unnecessary and wanton infliction of pain.'" *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The United States Supreme Court has held, however, that the Eighth Amendment "does not mandate comfortable prisons," and conditions that are "restrictive and even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347–49 (1981). An inmate may prevail on an Eighth Amendment claim only if he can establish both an objective and a subjective element. *See Phelps,* 308 F.3d at 185.

The objective element is satisfied where the inmate shows that the condition or conditions caused "serious deprivation of basic human needs" or deprived him "of the minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347. Basic human needs include food, medical care, sanitation, clothing, habitable shelter, safety, warmth, and exercise. *See Wilson v. Seiter,* 501

U.S. 294, 304 (1991); *DeShaney v. Winnebago Cnty Dept. of Soc. Servs.,* 489 U.S. 189, 200 (1989); *Rhodes,* 452 U.S. at 347–48. "Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient" to establish an unconstitutional conditions of confinement claim. *Blyden v. Mancusi,* 186 F.3d 252, 263 (2d Cir. 1999) (citing *Hudson v. McMillian,* 503 U.S. 1, 9 (1992)). Inmates can also satisfy the objective element if they can demonstrate that prison officials exposed them to conditions that "pose an unreasonable risk of serious damage to [their] future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993).

The Court found previously that, while it was a close call, Plaintiff had plausibly alleged the objective element of an Eighth Amendment violation, ECF No. 3 at 7-8, but it also found that Plaintiff failed to allege the subjective element of such a violation, *id.* at 8-10.

The subjective element requires an inmate to show that correctional officials were aware of and disregarded a substantial risk of serious harm. *Phelps,* 308 F.3d at 185–86. Prison officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw that inference." *Farmer,* 511 U.S. at 837. Plaintiff must allege that prison officials acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006). "Deliberate indifference" requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 835.

Plaintiff's Amended Complaint focuses primarily on the Court's finding that he had not alleged Defendants' deliberate indifference to the sufficiently serious risk of harm posed by poisonous spiders, bats, and other insects and vermin at Five Points. ECF No. 4 at 8-16. In fact, he basically scolds the Court for requiring him to file an amended complaint, arguing that he and the Court do not speak the same language because he is not an attorney, and it is simple for the

Court sitting in the safe and clean confines of the courthouse to dismiss the serious risks to prisoners posed by poisonous insects and other insects and vermin within the walls of prisons.  *Id.*  What he fails to do, however, is plausibly allege that Defendants were deliberately indifferent to the risk of harm posed by poisonous spiders and bats at Five Points.

Plaintiff's only non-conclusory material factual allegation regarding Defendants' awareness of a spider or bat infestation at Five Points and their failure to act to remove the risk of serious harm or danger is that he was advised by a nurse following his spider bite that he was not the first one this year.  ECF No. 4 at 5, 9.[4]  This simply does not plausibly allege that Defendants possessed the requisite state of mind to support the subjective element of an Eighth Amendment violation.   Plaintiff's assertion that Superintendent LaManna should have known of a spider infestation because she would have been notified of prior poisonous-spider bites in her daily reports, *id.* at 7, does not support an inference that she knew of the prior spider bite or bites and that this prior bite or bites noted by the nurse exhibited an infestation requiring extermination.  This simply does not allege that any of the Defendants was aware of a spider or bat infestation and ignored the serious risk of harm posed by the infestation.  Moreover, Plaintiff's allegation that either John Does, 11 and 8 Block Desk Officers, failed to contact John Doe Exterminator or John Doe Exterminator was contacted but did not exterminate Plaintiff's or all cells, alleges little more than negligence on the part of these Defendants.  It does not rise to the level of "subjective recklessness" as necessary to state an Eighth Amendment violation.[5]  *Salahuddin*, 467 F.3d at 280.

---

[4] The Amended Complaint consists of a court form utilized by prisoners filing civil rights complaint, ECF No. 4 at 1-7, and an attached "Rider, *id.* at 7-16.

[5] To the extent Plaintiff may again be alleging that Defendants violated various sections of New York Executive and Corrections Law, ECF No. 4 at 7, by not exterminating his or other's cells, this does not state a § 1983 claim.  *See Concourse Rehabilitation & Nursing Center, Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action."); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

Accordingly, Plaintiff fails to plausibly allege that any Defendant acted with a sufficiently culpable state of mind and his Eighth Amendment conditions-of-confinement claim based on a spider bite and bat attack is dismissed.

2. Fear of Contracting COVID-19

As noted in the prior Screening Order, the Complaint also alleged, either as a separate claim or as part-and-parcel of the bat attack claim, that the bat was not tested, that he is "paranoid" of contracting the COVID-19 virus from bat exposure, that the cellmate next to him was placed in isolation recently, that several other inmates on his Company and C-Block were isolated in January 2022, and that Five Points will not conduct weekly COVID-19 testing. ECF No. 3 at 10; ECF No. 1 at 5. The Court liberally construed these allegations as asserting a separate conditions-of-confinement claim based on Defendants' failure to protect Plaintiff from contracting COVID-19 and to test him weekly, and found that the allegations did not set forth a plausible Eighth Amendment violation. ECF No. 3 at 10-11. Specifically, the Court found that Plaintiff had not alleged that there was a substantial risk of harm to Plaintiff because he was not tested weekly after a bat was in his cell or because other inmates were placed in isolation. *Id.* at 11-12 (citing *Chunn v. Edge*, 465 F. Supp. 3d 168, 201 (E.D.N.Y. 2020) (noting on a motion for a preliminary injunction that the relevant objective inquiry is "whether petitioners have shown a substantial risk of harm from COVID-19 at the [jail] in light of countermeasures that the facility has in place."); *Lagan v. Edge*, 20-CV-2221 (AMD), 2020 WL 3403109, at *4 (E.D.N.Y. June 19, 2020) ("Although [plaintiff] argues generally that COVID-19 poses a serious risk of harm to incarcerated people, the petitioner has not alleged that he is at heightened risk [of exposure to COVID-19] beyond what he argued to [the] Judge.").

The Court also found that even if Plaintiff had alleged the objective prong of an Eighth Amendment violation, he had not alleged that Defendants "acted recklessly despite knowing the substantial risk COVID-19 posed to [plaintiff] and other inmates." *Id.* at 12 (quoting *McFadden v. Annucci*, 18-CV-6684 FPG, 2021 WL 463829, at *14 (W.D.N.Y. Feb. 9, 2021) (finding that the plaintiff failed to allege the subjective component of an Eighth Amendment claim and "contain[ed] no amplifying details regarding Defendants' awareness that COVID-19 preventative measures were not being followed. Allegations of such awareness is necessary to sufficiently plead that these Defendants acted recklessly despite knowing the substantial risk that COVID-19 posed to [plaintiff] and other inmates" (internal quotation marks omitted)).

The Amended Complaint does not allege any additional facts to alter that conclusion in any way. It alleges only that bats are known to "carry" the COVID-19 virus and rabies, and that he suffered severe psychological harm from being exposed to a bat in his cell and not being tested for COVID-19 after his bat exposure. ECF No. 4 at 6-7, 15. This does not plausibly allege a sufficiently serious risk of harm to Plaintiff and that Defendants were deliberately indifferent to an objective risk of harm. *See*, *e.g.*, *Phelps,* 308 F.3d at 185–86 (stating that an inmate must show that correctional officials were aware of and disregarded a substantial risk of serious harm). Again, the Court does not minimize the very real risk of contracting COVID-19 in prison and other congregate settings and the fear Plaintiff must have experienced when there was a bat in his cell. This, however, does not alter the conclusion that the Amended Complaint fails to set forth a plausible Eighth Amendment violation. *Twombly*, 550 U.S. at 570 (a complaint must allege facts that "nudge[] [plainiff's] claims across the line from conceivable to plausible.").

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice; and FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

Dated: July 13, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York